[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12852
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-14005-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMONTA VONTARUS ONEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 24, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Damonta Vontarus Oneal appeals his sentence of 77 months of imprisonment, at the low end of the guideline range, imposed after he pled guilty to one count of possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  In calculating Oneal's guideline range at sentencing, the district court found that he qualified for the highest criminal-history category of VI based on 14 criminal-history points—all for offenses committed when he was a juvenile. Oneal now argues that the court abused its discretion by failing to vary downward from the guideline range to account for the age and minor nature of several of these offenses, and that the resulting sentence is substantively unreasonable.  After careful review, we affirm Oneal's sentence.

## I.

According to the factual proffer submitted in connection with Oneal's guilty plea, on February 1, 2018, law-enforcement officers initiated a traffic stop of a car for failure to maintain a single lane.  When the car came to a stop, Oneal jumped out of a passenger seat and started running with a bag in hand.  Officers pursued Oneal and observed him dropping the bag into the bed of a random pickup truck.  Officers recovered the bag and then apprehended Oneal.  Inside the bag was a Glock .40-caliber pistol with an extended magazine.  The gun had been reported as stolen.

In preparation for sentencing, a probation officer prepared Oneal's presentence investigation report ("PSR").  The PSR reported a total of 14 criminal-

2

history points, which placed Oneal, who was then 20 years old, into the highest criminal-history category of VI.  Combined with a total offense level of 21, this established a recommended guideline imprisonment range of 77 to 96 months of imprisonment.  The statutory maximum sentence was 10 years in prison.

Oneal's 14 criminal-history points were based on offenses he committed as a juvenile, though one offense—the final one listed below—resulted in a conviction in adult court.  Specifically, Oneal received two points each for the following criminal adjudications: (1) battery (age 13); (2) three counts of robbery with a deadly weapon while wearing a mask (age 14); (3) grand theft of a firearm and possession of a firearm after being found delinquent (age 14); (4) resisting an officer and possession of a firearm after being found delinquent (age 15): (5) felony battery and burglary of an unoccupied conveyance (age 16); (6) resisting an officer without violence (age 17); and (7) openly carrying a weapon and possession of a firearm by a convicted felon juvenile (age 17).

Before sentencing, Oneal filed a motion for a downward variance from the guideline range, arguing that his criminal-history category significantly overrepresented the seriousness of his criminal history.  First, he contended that criminal-history category VI overstated the severity of his criminal history because many of his juvenile offenses were due to "typical teenage immaturity" and the fact that he "grew up in an extremely rough area with very little family or community

3

support or guidance." Second, he argued that the way his juvenile adjudications were handled—including long periods of supervision—led to "excessive criminal history points compared to similar offenses committed by adults." He cited as examples his first battery charge at age 13 and a charge for resisting an arrest without violence at age 17, which, in his view, would not have resulted in two criminal-history points each for an adult.

At sentencing, the district court adopted the PSR's guideline calculations and then heard argument from the parties about an appropriate sentence. Oneal reargued the points from his motion and requested a downward variance to 60 months of imprisonment. The government proposed a sentence at the high end of the guideline range (96 months), arguing that Oneal's criminal history was not overstated. After hearing from Oneal personally and his mother, the district court sentenced Oneal to 77 months of imprisonment.

In explaining its sentence, the district court stated that it had considered the parties' statements, the PSR, and the § 3553(a) factors. The court noted the support of Oneal's family and friends at the hearing, and it acknowledged Oneal's youth and the difficult circumstances of his upbringing, including the loss of his father and the bad influences in his community. The court stated that Oneal "should not have to live with the stigma" of what he did when he was 13, 14, or 15, and it commended him for earning his GED. But the court also explained that the offense was serious

and that the sentence needed to promote respect for the law, to protect the public, and to deter Oneal and others.  Balancing all of these factors, the court concluded that a sentence of 77 months of imprisonment was consistent with the § 3553(a) factors and the facts before it.  Oneal now appeals.

## II.

In reviewing a sentence, we make sure that it is both free from significant procedural error and substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Significant procedural errors include improperly calculating the guideline range and failing to consider the sentencing factors under 18 U.S.C. § 3553(a).  *Id.*  If the sentence is procedurally sound, we then consider whether it is substantively reasonable under the totality of the circumstances.  *Id.*

Oneal does not contend that the district court committed any procedural error. He agrees that the court's guidelines calculation was correct, and so do we.  The court considered the § 3553(a) factors and thoroughly explained its reasons for imposing a sentence at the low end of the guideline range of 77 to 96 months. Oneal's only contention is that the sentence of 77 months of imprisonment is substantively unreasonable.  He maintains that the court failed to give sufficient "consideration and weight to the age and minor nature of several criminal convictions that significantly increased [his] criminal history category."  He says

that a criminal-history category of IV or V more accurately reflected his criminal history.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016). The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(C); *see also United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*). The court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant," among other factors. 18 U.S.C. § 3553(a)(1). The weight to be assigned to these factors—whether great or slight—is committed to the sound discretion of the district court, and "we will not reweigh the factors." *United States v. Johnson*, 803 F.3d 610, 620 (11th Cir. 2015).

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We may not "set aside a sentence merely because we would have decided that another one is more appropriate." *See Irey*, 612 F.3d at

6

1191.  Rather, "[w]e may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *Id.*  In other words, we will not vacate a sentence unless the party challenging it convinces us that it lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 1190.

Here, Oneal's sentence is substantively reasonable.  In imposing the 77-month sentence, the district court expressly considered the PSR and Oneal's arguments in mitigation.  The court cited as mitigating factors Oneal's youth and the difficult circumstances of his upbringing, and it stated that he "should not have to live with the stigma" of what he did when he was 13, 14, or 15.  But the court balanced these factors against the need for the sentence to reflect the seriousness of the crime and to promote the goals of deterrence, respect for the law, and protection of the public. The weight to be assigned these factors was committed to the district court's sound discretion, *see Johnson*, 803 F.3d at 620, and we discern no abuse of that discretion in the court's determination that a sentence 77 months was "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2).

The district court considered all relevant factors, did not give weight to any irrelevant factors, and did not commit a clear error when evaluating the § 3553(a) factors.  Notwithstanding Oneal's young age, his criminal record indicates extensive and repeated contact with law enforcement, a number of offenses involving the use

of firearms, and a refusal to alter his criminal behavior despite being offered multiple opportunities for change as a juvenile.  These facts sufficiently support the district court's judgment that a sentence at the low end of the guideline range, while longer than the sentence Oneal requested, was necessary to promote respect for the law, to protect the public, and to promote deterrence.  The sentence was also within the guideline range and well below the statutory maximum of 120 months, two factors which further support the reasonableness of the sentence.  *See United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016).  Given these factors and the substantial deference afforded sentencing decisions, Oneal has not shown that his 77-month sentence is substantively unreasonable in light of the § 3553(a) and the record as a whole.  We therefore affirm Oneal's sentence.

**AFFIRMED.**

8